IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

MICHAEL A. McNEIL,     :

   Plaintiff       :

             :

v.             :

             :

STATE OF MARYLAND, et al.,   :

   Defendants.     :   Civil Case 8:11-cv-02495-DKC

             :

MEMORANDUM OF LAW

IN SUPPORT OF INDIVIDUAL DEFENDANT: V. PETER MARKUSKI'S

<u>MOTION TO DISMISS</u>

TABLE OF CONTENTS

I.  FACTS ................................................................................................ 4

II.  STANDARD OF REVIEW................................................................. 5

III. ARGUMENT ..................................................................................... 6

A.  Plaintiff's Claims Against the Circuit Court Defendants Must Be Dismissed Against Defendants In Both Their Individual and Official Capacity Because They Are Immune From Personal Liability

…................................................................................................................ 6

B.  Plaintiff's Claims Against Defendant, Markuski, Must Be Dismissed in that Subject Matter Jurisdiction Does Not Exist

………………………………..…………………….…………………………..…. 6

C.  Plaintiff's Claims Must Be Dismissed Because He Fails To State A Claim Upon Which Relief Can Be Granted …………………………………………………… 7

1.  Plaintiff Fails To State A Claim Under §1983.................................. 8

2.   Plaintiffs' Conspiracy Claims Must be Dismissed for Failure to Allege Sufficient Facts to Show an Agreement or Meeting of the Minds Between Defendants. …………………………………….................................................................. 11

IV. CONCLUSION ........................................................................................ 15

V.  CERTIFICATE OF SERVICE …….……………………………………….. 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. McNEIL, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| STATE OF MARYLAND, et al., | : | |
| | : | |
| Defendants. | : | Civil Case 8:11-cv-02495-DKC |
| | : | |

MEMORANDUM OF LAW

IN SUPPORT OF INDIVIDUAL DEFENDANT: V. PETER MARKUSKI'S

<u>MOTION TO DISMISS</u>

The Defendant, V. Peter Markuski, (hereinafter Markuski) by and through his attorneys, Jeffery W. Bernstein and Goozman, Bernstein, & Markuski, submits this Memorandum of Law in Support of his Motion to Dismiss in response to the complaint filed by the Plaintiff. The Amended Complaint alleges (within Counts 3, 4, 6, 7, 10, and 21) that Markuski, in a wide ranging series of conspiracies with some of the other Defendants, violated Plaintiff's First, Fifth, and Fourteenth Amendment rights under the US Constitution as well as state statutory and constitutional rights.

This complaint stems from Plaintiff, McNeil's, dissatisfaction with the results of a contentious and lengthy legal battle with his ex-wife concerning issues that arose out of their once marital relationship within the Circuit Court for Howard County, MD.  The instant Plaintiff, McNeil,  then sued various religious organizations and his ex-wife within the Circuit Court for Anne Arundel County, MD[1] and, currently (albeit there are various on-going post-Divorce actions initiated by the Plaintiff, McNeil,

---

[1] Plaintiff filed suit against 27 defendants alleged to be connected with an ecclesiastical case concerning his ex-wife in the Circuit Court for Anne Arundel County, *Michael A. McNeil v. Pressure Church In America, et al.*, Case No.: 02-C-10-157476.

within the Circuit Court and at least four pending Appeals to the Court of Special Appeals in Maryland) the Plaintiff, McNeil's, Complaint has a multitude of Counts against the State of Maryland, the court, two circuit court judges and a master, various court employees, several local attorneys and anyone connected to either of the cases.

Plaintiff, McNeil, lacks the subject matter jurisdiction to bring this matter, against this individual Defendant, within this Court and, in either event, fails to state a claim upon which relief can be granted.

## I.   FACTS

In November 2008, Plaintiff, McNeil's, wife Sarah filed for divorce in the Circuit Court for Howard County, McNeil vs. McNeil, Case Number 13C08075254. ECF No. 1, ¶ 28. Shortly thereafter, in January 2009, Sarah filed a petition for a domestic violence protective order in the District Court of Maryland. ECF No. 1, ¶ 35. A temporary protective order was entered by the District Court on January 5, 2009 and the matter was transferred on January 6, 2009, to the Circuit Court, McNeil vs. McNeil, Case Number 13C09075815. ECF No. 1, ¶ 36. At a hearing on January 13, 2009, the Circuit Court ordered that the temporary protective order be extended until a hearing on the divorce case and that the protective order case be consolidated with the divorce case. ECF No. 1, ¶¶ 37-38; McNeil vs. McNeil, Case Number 13C09075815, Docket No. 7/0. After being postponed from February 17, 2009 until March 16, 2009, a hearing was held on the parties' divorce *Pendente lite*. ECF No. 1, ¶ 43-44. Although the case remains ongoing (post-divorce), with hearings currently scheduled for October 12, 2011, October 26, 2011, and December 12, 2011, Plaintiff, McNeil, has been ordered "access to his children" only through a Supervised Visitation Center.

Plaintiff, McNeil, alleges that the consolidation of the domestic violence protective order matter with his divorce case deprived Plaintiff, McNeil, of "all due

process concerning the Domestic Violence Matter." Count Two, ECF No. 1, ¶ 42. Plaintiff, McNeil, also alleges that the postponements occurred because the Circuit Court Defendants conspired with Sarah McNeil's attorney. Count Three, ECF No. 1, ¶ 43-47. Plaintiff, McNeil, then alleges a series of interconnected conspiracies by the Circuit Court Defendants in ruling on his divorce pendente lite (Count Four); in appointing a "best interests" attorney, Defendant, Markuski, for his children (Count Five); in referring the matter to a circuit court custody evaluator (Count Six); in denying Plaintiff, McNeil's Motion to Strike Defendant, Markuski, as "best interests" attorney for his children (Count Eight); in finding Plaintiff, McNeil, in contempt of court for failing to pay expert fees (Count Nine); in "decid[ing] to initiate a domestic violence incident (Count Ten); in "initiat[ing] a Department of Social Service investigation against the Plaintiff, McNeil, for sexually molesting his daughter when she was two years old" (Count Eleven); in various rulings by Judges Leasure and Becker (Counts Twelve through Twenty Two); and in the court's failure to supervise the conspiracy, leading to "mischief amongst [the court's] employees." (Count Twenty Three).

On September 9, 2011, Plaintiff, McNeil, filed this action against the Circuit Court Defendants, Defendant Markuski, among others, pursuant 42 U.S.C. § 1983.

## II.  STANDARD OF REVIEW

Ordinarily, to survive a Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Where, as here, however, Plaintiff, McNeil's, 1983, 1985, and 1986 claims sound in fraud, those claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). See *Field v. GMAC LLC*, 660 F.Supp.2d 679, 686 (E.D.Va.2008) (explaining that "[w]here RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rule of Civil Procedure

applies"). Under Rule 9(b), Plaintiff must state predicate acts of fraud with particularity, specifying "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999).

III. ARGUMENT

Plaintiff, McNeil's, claims to relief are not plausible on their face because the well-pleaded facts do not permit this Court to infer more than the mere fanciful possibility of misconduct by any of the defendants. The Circuit Court Defendants here are entitled to absolute immunity in their individual capacities for the acts Plaintiff, McNeil, alleges form the basis of his complaint. Plaintiff, McNeil's, claims against Circuit Court Defendants in their official capacity likewise are barred by sovereign immunity. Finally, Plaintiff, McNeil, fails to state any plausible claims upon which relief can be granted.

A. Plaintiff, McNeil's, Claims Against the Circuit Court Defendants Must Be Dismissed Against Defendants In Both Their Individual and Official Capacity Because They Are Immune From Personal Liability.

Defendant, Markuski, adopts and incorporates, by reference herein, the argument propounded by the Circuit Court Defendants within their Memorandum of Law filed in connection with their Motion to Dismiss.

B.  Plaintiff, McNeil's, Claims Against Defendant, Markuski, Must be Dismissed in that Subject Matter Jurisdiction Does Not Exist.

Once the Circuit Court Defendants are dismissed as Defendants in this action, no subject matter jurisdiction over Defendant, Markuski, exists and, therefore, this matter should be dismissed.

C.  Plaintiff, McNeil's, Claims Must Be Dismissed Because He Fails To State A Claim Upon Which Relief Can Be Granted.

Plaintiff, McNeil, fails to state a claim upon which relief can be granted under 42 U.S.C. 1983. In order to survive a motion to dismiss, a complaint "must 'provide the grounds of the plaintiff, McNeil's, entitlement to relief' with 'more than labels and conclusions.'" *US Airline Pilots Ass'n v. Awappa, LLC,* 2010 WL 2979332, at *2 (4th Cir. July 30, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Ultimately, 'factual allegations must. . . raise a right to relief above the speculative level,' and the complaint must offer 'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." Id. (quoting *Bell Atl. Corp.,* 550 U.S. at 555-56). Plaintiff, McNeil, fails to offer any specific allegations of acts taken in violation of the statutes under which he brings a claim. The speculative, broad, and conclusory allegations in his complaint do not reasonably lead to the determination that further investigation will produce any evidence of the violations she alleges.

Further, because Plaintiff, McNeil's, § 1983 claims sound in fraud, those claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). See *Field v. GMAC LLC*, 660 F.Supp.2d 679, 686 (E.D.Va.2008) (explaining that "[w]here RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rule of Civil Procedure applies"). Plaintiff, McNeil, here has failed to state predicate acts of fraud with particularity, specifying "the time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999).

1.  Plaintiff, McNeil, Fails To State A Claim Under §1983.

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); see also *Wofford v. Evans*, 390 F.3d 318, 322 n.1 (4th Cir. 2004). "[O]ne cannot go into court and claim a 'violation of § 1983'– for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979)). Under § 1983 a person is liable when, under the color of law, he or she deprives another of a constitutionally protected right. 42 U.S.C. § 1983.

a)  The Circuit Court Defendants Are Not "Persons" Within The Meaning Of § 1983.

First, Plaintiff, McNeil's, § 1983 claims against the Circuit Court for Howard County must be dismissed because none is a proper defendant under § 1983.  Neither the State nor its agencies is a "person" subject to suit under § 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). In addition, the Defendant judges are not proper defendants in Plaintiff, McNeil's, claim as far as it seeks injunctive relief. Under § 1983 a person is liable for violating another's constitutional right "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff, McNeil, never received a declaratory decree nor alleges one was unavailable. Therefore, to the extent the judges are sued under § 1983 for acts taken in their judicial capacity, the injunctive relief is unavailable.

b)  Plaintiff, McNeil, Has Failed To Allege A Constitutional Violation.

Assuming that a proper defendant is named in a § 1983 claim, the "first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff, McNeil, makes a claim under § 1983 for ruling on his divorce pendente lite (Count Four); in appointing a "best interests" attorney, Defendant, Markuski, for his children (Count Five); in referring the matter to a circuit court custody evaluator (Count Six); in denying Plaintiff, McNeil's motion to strike the "best interests" attorney, Defendant, Markuski, for his children (Count Eight); in finding Plaintiff, McNeil, in contempt of court for failing to pay expert fees (Count Nine); in "decid[ing] to initiate a domestic violence incident (Count Ten); in "initiat[ing] a Department of Social Service investigation against the Plaintiff, McNeil, for sexually molesting his daughter when she was two years old" (Count Eleven); in various rulings by Judges Leasure and Becker (Counts Twelve through Twenty Two); and in the court's failure to supervise the conspiracy, leading to "mischief amongst [the court's] employees." (Count Twenty Three). However, there is no constitutionally protected right requiring a judge to make certain rulings in Plaintiff, McNeil's, favor. Those issues were litigated and Plaintiff, McNeil, lost. To the extent he now complains in federal court, Plaintiff, McNeil, has failed to assert a valid constitutional claim.

Plaintiff, McNeil, also states that he was deprived of his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff, McNeil, does not attempt to connect the alleged acts to violations of these constitutional rights. Plaintiff, McNeil, cannot merely conclude his rights under the First, Fifth, and Fourteenth Amendments have been violated.  In order to withstand a motion to dismiss, the complaint "must 'provide the grounds of the plaintiff's entitlement to relief' with 'more than labels and conclusions.'" US Airline Pilots *Ass'n v. Awappa, LLC*, 2010 WL 2979332, at *2 (4th Cir. July 30, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

c)   Article III, Section 38 Of The Maryland Constitution And Md. Code Ann., Family Law Art. § 1-202 Are Constitutional.

Finally, Plaintiff, McNeil, claims that Article III, Section 38 of the Maryland Constitution and Md. Code Ann., Family Law Art. § 1-202 are unconstitutional under the Fourteenth Amendment. ECF No. 1, ¶¶ 17, 19. Plaintiff, McNeil's, assertions are without merit.

To the extent that Plaintiff, McNeil's, claim under this section is for violation of the Equal Protection Clause of the Fourteenth Amendment, it also fails for failure to state a claim. Plaintiff, McNeil, states that "Article III, Section 38 of the Maryland State Constitution exception clause clearly discriminates against men" (ECF No. 1, ¶ 17) and that "Maryland Family Law Article § 1-202 is unconstitutional in that it is used to violated parties in a civil action due process rights in that it imposes council fees on one or ore of the parties, which often times causes one of the parties or both parties to be able to pay for their own council fees." (ECF No. 1, ¶ 19).  First, on its face Article III, Section 38 of the Maryland State Constitution applies to men and women equally. More importantly, Plaintiff, McNeil, does not make a plausible case beyond a bald unsupported allegation that Article III, Section 38 of the Maryland State Constitution is unconstitutional as applied to him. Plaintiff, McNeil's, allegations amount to nothing more than obvious disagreement and anger with the outcome of his case. Therefore, an inquiry into the reasons the judges made these decisions is inappropriate and should not be allowed, especially on this record. A judge cannot be compelled to reveal his or her mental process or deliberative thoughts under these circumstances. "The mental process rule protects the secret mental processes of those who, acting in a judicial or quasi-judicial capacity, make decisions as to facts or as to law." Singer Sewing Machine v. N.L.R.B., 329 F.2d 200, 206 (4th Cir. 1964). See also U.S. v. Morgan, 313 U.S. 409, 422 (1941) (stating that an examination of a judge's mental process "would be destructive of judicial responsibility" and a judge "cannot be subjected to such scrutiny"). Therefore, the

claim that Article III, Section 38 of the Maryland State Constitution is unconstitutional should be dismissed.

Plaintiff, McNeil's, claim that "Maryland Family Law Article § 1-202 is unconstitutional" is equally without merit. Md. Code Ann., Family Law Art. § 1-202 provides:

§ 1-202. Appointment of counsel for minor

(a) In general. -- In an action in which custody, visitation rights, or the amount of support of a minor child is contested, the court may:

(1) (i) appoint a lawyer who shall serve as a child advocate attorney to represent the minor child and who may not represent any party to the action; or

(ii) appoint a lawyer who shall serve as a best interest attorney to represent the minor child and who may not represent any party to the action; and

(2) impose counsel fees against one or more parties to the action.

(b) Standard of care. -- A lawyer appointed under this section shall exercise ordinary care and diligence in the representation of a minor child.

Plaintiff claims § 1-202 is unconstitutional "in that it is used to violated parties in a civil action due process rights in that it imposes council fees on one or ore of the parties, which often times causes one of the parties or both parties to be able to pay for their own council fees." Even if true, Plaintiff's argument does not render § 1-202 unconstitutional. Even assuming that parties had to pay for the "best interests" counsel in addition to their own counsel, this statute would not be facially unconstitutional because litigants are not members of a protected class. See Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985) (stating that statutes not classifying by race, national origin, alienage, or gender are subject to rational basis review).

Plaintiff, McNeil, has not established that the statute lacks any rational basis. The statute also does not violate any right to procedural due process because Plaintiff, McNeil, was able to bring his case before the court and received all the process he

was due. Procedural due process does not guarantee a person the right to not pay counsel fees in defending or bringing a civil claim.

2.  Plaintiff, McNeil's, Conspiracy Claims Must be Dismissed for Failure to Allege Sufficient Facts to Show an Agreement or Meeting of the Minds Between Defendants.

In order to allege a cause of action for conspiracy under §1985, the plaintiff must show an agreement or meeting of the minds between the defendants to commit the wrongful act and cause the resulting injury to the plaintiff. See *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) ("Moreover, the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights."); *Hinkle v. City of Clarksburg, West Virginia*, 81 F.3d 416, 421-22 (4th Cir. 1996) (stating that to prove conspiracy to block access to the courts, plaintiffs must prove a "mutual understanding" or agreement to commit the wrongful act); *Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir. 1983) (stating that the "principal element" of civil conspiracy under §1985 is "an agreement between the parties 'to inflict a wrong against or injury upon another'") (quoting *Rotermund v. United States Steel Corp.,* 474 F.2d 1139 (8th Cir. 1973)).

Because Plaintiff must prove an agreement or meeting of the minds between Defendants, they have "a weighty burden to establish a civil rights conspiracy." *Hinkle*, 81 F.3d at 421. Consequently, the Fourth Circuit Court of Appeals stated it "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons*, 47 F.3d at 1377. See also *Hoffman v. Baltimore Police Dept.,* 379 F.Supp.2d 778, 798 ("The Fourth Circuit has taken a restrictive view of [a §1985] cause of action.").

In the instant case, Plaintiff, McNeil, falls far short of meeting this weighty burden. He alleges no concrete facts that can permit a reasonable inference of an

agreement or meeting of the minds between Defendants. Plaintiff, McNeil, only makes conclusory statements and bald allegations of conspiracy. See Complaint at ¶ 252, 271 ("Defendants conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves."). The Fourth Circuit Court of Appeals has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons, 47 F.3d at 1377. See also *Gooden v. Howard County*, 954 F.2d 960, 969 (4th Cir. 1992) (stating that courts have required "plaintiffs alleging unlawful intent in conspiracy claims under §1985(3) or §1983 plead specific facts in a non-conclusory fashion to survive a motion to dismiss"); *Ballinger v. North Carolina Agr. Extension Service*, 815 F.2d 1001, 1007 (4th Cir. 1987) (dismissing a §1985 claim because "[q]uite simply, there is no proof, direct or indirect, of participation in any conspiracy by these appellees. Instead, appellant relies solely on the bare allegations of his complaint").

In *Hinkle*, the Fourth Circuit Court of Appeals held the appellants did not allege sufficient facts to prove an agreement by the alleged conspirators. 81 F.3d at 422. Appellants argued that the fact a police offer threw away probative evidence was proof of a conspiracy. *Id*. The Court noted the appellants "offer no evidence, other than the act itself, that [the police officer] intended to further a conspiratorial objective." *Hinkle*, 81 F.3d at 422. The appellants did not "disclose any communication" by the alleged conspirators that would give rise to an inference of an agreement. Id. The court noted that the "evidence must, at least, reasonably lead to the inference that [the alleged conspirators] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id*. at 421.

Likewise, Plaintiff, McNeil, offers no evidence of a conspiracy. Plaintiff, McNeil, points to no communication between Defendants or any communication between himself and Defendants that allude to a conspiracy. Defendants include multiple state employees, courts, and judges. There is absolutely no evidence tying

these varied Defendants together other than as the objects of Plaintiff, McNeil's, litigious misconceptions.

It appears that several Defendants are named because Plaintiff, McNeil, believes they failed to correct certain alleged violations of law. However, the Fourth Circuit Court of Appeals has specifically rejected the idea that willful blindness can support a §1985 conspiracy claim because willful blindness is not evidence of an agreement to participate in the conspiracy. The Court stated that the law is clear it "must be shown that there was a 'single plan, the essential nature and general scope of which was known to each person'. . . alleged 'willful blindness'. . . simply does not meet such a standard." *Simmons*, 47 F.3d at 1378.

Plaintiff, McNeil's, amended complaint amounts to no more than wild speculation and bald allegations. The Fourth Circuit Court of Appeals has spoken very strongly against allowing this type of speculation to support a §1985 conspiracy claim. It stated, "[w]hile we recognize that direct evidence of a conspiracy is not always available, we cannot use this fact as an excuse to forgive Appellants' failure to prove their case. There is a reason why we do not allow this level of conjecture to determine lawsuits: such adventures of the mind tend to be unreliable." *Hinkle*, 81 F.3d at 423. Consequently, the complaint should be dismissed.

a)  Plaintiff, McNeil's, Claim Must Be Dismissed For Failure To Allege An Overt Act In Furtherance Of the Alleged Conspiracy.

Plaintiff, McNeil, fails to allege an overt act taken by Defendants in furtherance of the alleged conspiracy, and therefore their complaint must be dismissed. There "cannot be a civil cause of action for conspiracy under §1985 without an overt act." *Lenard*, 699 F.2d at 883. See also *Simmons*, 47 F.3d at 1376 (stating that injury as "a consequence of an overt act committed by the defendants in connection with the conspiracy" is an essential element of a cause of action for conspiracy under §1985); *Griffin*, 403 U.S. at 103 (stating that a complaint must

allege defendants "did, or caused to be done, any act in furtherance of the object of the conspiracy" in order to state a cause of action under §1985).

Although Plaintiff, McNeil, brings a claim under §1985 against all Defendants, Plaintiff, McNeil, attributes no specific act to any of the Defendants; Plaintiff, McNeil, only alleges a broad range of acts and does not allege which Defendant took the act.  While it is difficult to understand why Plaintiff, McNeil, believes any of the Defendants conspired against him, it is certainly an "adventure of the mind" to claim that impartial judges and court officials, who never came into contact with Plaintiff, McNeil, outside of the scope of their constitutional, statutory and common law duties, somehow conspired against him. Plaintiff, McNeil, also has failed to state any predicate acts of such fraud and conspiracy with particularity, specifying the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby, as required by Fed. R. Civ. P. 9(b).

b)  Plaintiff, McNeil's, Claim Must Be Dismissed for Failure to Allege Sufficient Facts to Support a Finding of Class-Based Animus.

To maintain a cause of action under either §§1985(2) or (3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush*, 460 U.S. at 726 (quoting Griffin, 403 U.S. at 102). In addition, "the 'invidiously discriminatory animus' requirement. . . requires that the defendant have taken his action at least in part 'because of', not merely 'in spite of,' its adverse affects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276 (1993). However, Plaintiff, McNeil, does not allege a single fact from which a person can reasonably infer Defendants were motivated because of racial or class-based animus. Plaintiff, McNeil's, claims of conspiracy.

Plaintiff, McNeil, points to no discriminatory statements or acts by Defendants that could reasonably lead to an inference of improper animus. Because

Plaintiff, McNeil, does not allege sufficient facts to establish the required element of improper animus, his conspiracy or §1985 claims must be dismissed.

## IV. CONCLUSION

Plaintiff, McNeil's complaint should be dismissed, with prejudice, and judgment should be entered in favor of Defendant, Markuski, with costs and attorneys fees.

Respectfully submitted,

_____
Jeffery W. Bernstein (Fed. Bar No. 08458)
9101 Cherry Lane, Suite 207
Laurel, MD 21044
301-953-7480

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of September, 2011, a copy of the foregoing was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice, and by mailing via U.S. Mail, postage prepaid to:

Michael A. McNeil
7807 Quill Point Drive
Bowie, Maryland 20720

H. Scott Curtis
Assistant Attorney General
200 St. Paul Place
20th Floor
Baltimore, Maryland 21202

V. Peter Markuski, Jr.
9101 Cherry Lane
Laurel, MD 20708-1147

Vincent Love
10005 Old Columbia Road
Suite L-260
Columbia, MD 21046

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 21043

                                                                   _____
Jeffery W. Bernstein (Fed. Bar No. 08458)
9101 Cherry Lane, Suite 207
Laurel, MD 21044
301-953-7480