IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL A. McNEIL,** | ✦ | |
| Plaintiff | ✦ | |
| | ✦ | |
| v. | ✦ | Civil Case 8:11-cv-02495-DKC |
| **STATE OF MARYLAND**, *et al*., | ✦ | |
| Defendants. | ✦ | |

✦   ✦   ✦   ✦   ✦   ✦   ✦   ✦

**CIRCUIT COURT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

State of Maryland, Howard County Circuit Court, Howard County Circuit Court Chief Administrative Judge Diane O. Leasure, Howard County Circuit Court Associate Judge Louis A. Becker, III, Howard County Circuit Court Master in Chancery Mary M. Kramer, Howard County Circuit Court Family Law Coordinator Lisa S. Mohink, Howard County Circuit Court Social Worker Patricia Bright, Howard County Circuit Court Supervised Visitation Center Christina J. Bieganski, and Howard County Circuit Court Supervisory Court Reporter Susan R. Gnatt, some of the Defendants (collectively

1

"Circuit Court Defendants"), OPPOSE Plaintiff's motion (ECF No. 27) for leave to file a Second Amended Complaint.

In *Forman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court of the United States held that "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for denying a request for leave to amend. *See also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008) (holding that the court has discretion to determine if further amendment would be futile and to dismiss with prejudice); *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir.2008) (holding that dismissal with prejudice was warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies"); *Ganey v. PEC Solutions, Inc.*, 418 F.3d 379, 391 (4th Cir.2005) (affirming a denial of leave to amend where any amendment would be futile).

Here, dismissal with prejudice is appropriate. Plaintiff's proposed Second Amended Complaint and a previous amendment did not cure the fundamental deficiencies of his Complaint. Plaintiff continues to rely on conclusory allegations and boilerplate recitations of the elements of his causes of action. Moreover, to the extent that Mr. McNeil could further amend his Complaint to set forth valid causes of action, it is clear that the Circuit Court Defendants are immune from suit under the doctrines of judicial and qualified immunity and under the Maryland Tort Claims Act. Accordingly, further amendment would be futile, and Mr. McNeil's Amended Complaints must be

dismissed with prejudice for the reasons set forth in the Circuit Court Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 18).

**WHEREFORE**, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied, Plaintiff's Amended Complaint should be dismissed, with prejudice, and judgment should be entered in favor of the Circuit Court Defendants as to all claims.

                                              Respectfully submitted,

                                              */s/ H. Scott Curtis*

                                              H. Scott Curtis
                                              Assistant Attorney General
                                              Federal Bar No. 08313
                                              200 St. Paul Place
                                              20th Floor
                                              Baltimore, Maryland 21202
                                              (410) 576-6576
                                              (410) 576-6393 (fax)
                                              hcurtis@oag.state.md.us

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this October 21, 2011, a copy of the foregoing was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice, and by mailing via U.S. Mail, postage prepaid to:

Michael A. McNeil
7807 Quill Point Drive
Bowie, Maryland  20720

H. Scott Curtis
Assistant Attorney General