IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. McNEIL, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF MARYLAND, et al., | : | |
| Defendants. | : | Civil Case 8:11-cv-02495-DKC |
| | : | |

DEFENDANT, V. PETER MARKUSKI'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The Defendant, V. Peter Markuski, (hereinafter Markuski) by and through his attorneys, Jeffery W. Bernstein and Goozman, Bernstein, & Markuski, Oppose Plaintiff's Motion (ECF No.27) for leave to file a Second Amended Complaint.

In *Forman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court of the United States held that "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for denying a request for leave to amend. *See also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 376 (4th Cir. 2008) (holding that the court has discretion to determine if further amendment would be futile and to dismiss with prejudice); *Cozzarelli vs. Inspire Pharms, Inc*., 549 F.3d 618, 630 (4th Cir. 2008) (holding that dismissal with prejudice was warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies"); *Ganey v. PEC Solutions, Inc*., 418 F.3d 379, 391 (4th Cir. 2005) (affirming a denial of leave to amend where any amendment would be futile).

Here, dismissal with prejudice is appropriate. Plaintiff's proposed Second Amended Complaint and a previous amendment did not cure the fundamental deficiencies of his Complaint. Plaintiff continues to rely on conclusory allegations and boilerplate recitations of the elements of his causes of action. Moreover, to the extent that Plaintiff, McNeil could further amend his Complaint to set forth valid causes of action, it is clear that the Complaint and subsequent Amendments do not state a cause of action against the Defendant, V. Peter Markuski, Jr. Accordingly, further amendment would be futile, and Plaintiff, McNeil's Amended Complaints must be dismissed with prejudice for the reasons set for the in Defendant, V. Peter Markuski, Jr.'s, Motion to Dismiss the Amended Complaint.

WHEREFORE, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied, Plaintiff's Amended Complaint should be dismissed, with prejudice and judgment should be entered in favor of the Defendant, V. Peter Markuski, Jr. as to all claims.

Respectfully submitted,

/s/Jeffrey W. Bernstein_____
Jeffrey W. Bernstein (Fed. Bar No. 08458)
9101 Cherry Lane, Suite 207
Laurel, MD 21044
301-953-7480

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2011, a copy of the foregoing was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice, and by mailing via U.S. Mail, postage prepaid to:

Michael A. McNeil
7807 Quill Point Drive
Bowie, Maryland 20720

H. Scott Curtis
Assistant Attorney General
200 St. Paul Place
20th Floor
Baltimore, Maryland 21202

Stephen A. Drazin
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

Vincent Love
10005 Old Columbia Road
Suite L-260
Columbia, MD 21046

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 21043

                                              */s/Jeffrey W. Bernstein*_____
Jeffery W. Bernstein (Fed. Bar No. 08458)
9101 Cherry Lane, Suite 207
Laurel, MD 21044
301-953-7480