## IN THE  UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL A. MCNEIL** | * | |
| **Plaintiff** | * | |
| **v.** | * | |
| **STATE OF MARYLAND, et al** | * | Civil Action No:  8:11-cv-02495-DKC |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF'S VERIFIED MEMORANDUM OF FACT AND  LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EMERGENCY INUNCTION

The Plaintiff, Michael A. McNeil submits the memorandum of fact and law in support of his motion for an emergency injunction, in that the Plaintiff is requesting that this court order Howard County Maryland and the Howard County Circuit Court to release all audio recordings and/or documents that the Plaintiff Michael A. McNeil has requested previously to the Plaintiff in accordance with the Maryland Pubic Information Act, the Maryland Rules for Courts, the 14th Amendment; and that this court would order the Howard County Circuit Court to stay all proceedings where the Plaintiff Michael A. McNeil would be endanger of being ordered to jail for not paying alimony and/or any proceedings where Michael A. McNeil would be ordered to pay any more fees to Defendant Stephen Drazin and/or Defendant V. Peter Markuski in McNeil v. McNeil.

1

The Plaintiff is asking for this injunction pursuant to Rule 65 in that the aforementioned defendant's continue to violate the law and that the Defendant Howard County Circuit Court continues to hold drum trials which are held in their Star Chamber Court Rooms.

## I. Facts

On September 16, 2009, Defendant Judge Becker violated the Plaintiff's blatantly violated the Plaintiff's 14th Amendment Rights when he violated the Article III Section 38 of the Maryland State Constitution when he order the Plaintiff to report to Jail if he did not pay Defendant Stephen Drazin $13,280.00 for attorney fees.  In Maryland debtors prison is only for those who don't pay alimony or child support.  Maryland Court's have no authority to place people in jail for debts owed to attorneys.

On May 12, 2010, Defendant Howard County Circuit Court refused to obey the Maryland Public Information Act and/or MD Rule 16-406 and would not turn over audio recordings of trial/hearing which the Plaintiff was a party to.  The Plaintiff was entitled to this information as a Matter of Law.  By doing this, the Howard County Circuit Court violated the Plaintiff's 14th Amendment Rights and his due process rights.

On September 7, 2011 the Plaintiff files his complaint.  Immediately afterwards, the Defendant Judge Becker amongst other of the Howard County Circuit Court defendant's find out of the complaint and file their motions to dismiss on September 12, 2011.

On September 9, 2011, Judge Becker orders an emergency hearing for supervised visitation to give the facade that he has not been in conspiracy with the other defendants.

However, this emergency hearing won't take place until October 26, 2011.

On September 9, 2011, Judge Becker, in order to put on the facade that he was not conspiring with the other defendants against the Plaintiff ordered Defendant Patricia Bright's report sealed.

On November 4, 2011, Defendant V. Peter Markuski files a motion in Howard County Circuit Court for attorney's fees.

On November 7, 2011, Defendant Stephen Drazin files a motion in Howard County for attorney's fees.

On October 27, 2011, the Plaintiff sent a letter to the Custodian of Records of Howard County Circuit Court requesting the audio recordings of the October 26, 2011 hearing and Defendant Patricia Bright's records concerning his case.  This request was made in pursuant to the Maryland Public Information Act and MD Rule 16-406.  (Exhibit A)

On November 14, 2011, Defendant Judge Becker responded for the Custodian of Records of Howard County Circuit Court, and in summary stating that the Howard County Circuity Court will not comply with the Maryland Public Information Act nor will with comply with MD Rule 16-406.  (Exhibit B)

As alleged in the Plaintiff's complaint, the Plaintiff has requested for such records before, and the custodian of records for Howard County has refused to comply with the law.

Currently there are several contempt motions against Defendant Sarah P. McNeil in Howard County Circuity Court and a Custody Hearing scheduled for December 12, 2011 to be heard by Defendant Judge Becker.

On November 16, 2011, Defendant Sarah P. McNeil filed a motion for contempt against Michael A. McNeil for not paying her all alimony so ordered by Defendant Judge Becker which Maryland Tax Regulations and Federal Tax Regulations considers child support and therefor is in violation of the Maryland State Child Support Guidelines.

On November 16, 2011, Defendant Sarah P. McNeil also filed a motion that the contempt hearing against Michael A. McNeil be consolidated with her contempt hearing and the custody hearing.

Historically, throughout the McNeil v. McNeil litigation, Defendant Judge Becker almost always grants Defendant Sarah P. McNeil everyone of her motions and denies everyone of the Plaintiff Michael A. McNeil's motions, and often times will hear Defendant's Sarah P. McNeil motions first, even though they were filed after Michael A. McNeil's motions over his objections.

Defendant Sarah P. McNeil latest motion for contempt is in retaliation against the Plaintiff for filing his law suit against her and others in her effort and her attorneys efforts (Defendant Stephen Drazin & Defendant V. Peter Markuski) to place the Plaintiff in Jail so that he would not longer be able to effectively prosecute his case against the various defendants named in this complaint.

Defendant Judge Becker knew that when he ordered the Plaintiff to pay $4051 in

4

child support that he violated Maryland Law and now he is seeking to cover up this violation of law and several other by denying the Plaintiff information that he needs to Defendant himself in Howard Count Circuit Court and now he is seeking with his fellow conspirators to imprison the Plaintiff in this case to prevent his lawless activity from being exposed.

Additionally, the Plaintiff only regular income comes from his employment with Verizon, and his annual salary has not been decreased since 2008, and to the Maryland Department of Human Resources' Maryland Child Support Enforcement Program has been garnishing the Plaintiff's paycheck to the amount of which federal and state law permit.

## II Argument

### A.  Concerning Injunction To Order Release of Public Information

Maryland Law States the following:

> **Maryland State Government Article §10–613 Right of Inspection; Regulations.**
> (a) Right of Inspection
> > (1) Except as otherwise provided by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time. Inspection or copying of a public record may be denied only to the extent provided under this Part III of this subtitle.
>
> **Maryland State Government Article §10–620. Copying.**
> (a) In General
> > (1) Except as otherwise provided in this subsection, an applicant who is authorized to inspect a public record may have:
> > > (i) a copy, printout, or photograph of the public record; or

(ii) if the custodian does not have facilities to reproduce the public record, access to the public record to make the copy, printout, or photograph.

**Maryland State Government Article §10–614. (b) Agency Decision**

(1) The custodian shall grant or deny the application promptly, but not to exceed 30 days after receiving the application.
(2) A custodian who approves the application shall produce the public record immediately or within the reasonable period that is needed to retrieve the public record, but not to exceed 30 days after receipt of the application.
(3) A custodian who denies the application shall:
- (i) immediately notify the applicant;
- (ii) within 10 working days, give the applicant a written statement that gives:
  - 1. the reasons for the denial;
  - 2. the legal authority for the denial; and
  - 3. notice of the remedies under this Part III of this subtitle for review of
  - the denial; and (iii) permit inspection of any part of the record that is subject to inspection
  - and is reasonably severable.

(4) With the consent of the applicant, any time limit imposed under this subsection may be extended for not more than 30 days.

The Maryland Rules for Courts states the following:

**MD Rule 16-406. Access to electronic audio and audio-video recordings of proceedings in the circuit court.**
a. Control -In general.-Electronic audio and audio-video recordings made pursuant to Rules 16-404 and 16-405 are under the control of the court having custody of them. Access to and copying of those recordings are subject to the provisions of this Rule and Rule 16-405 d.

b. Access - In General.-No person other than a duly authorized court official or employee shall have direct access to or possession of an official audio or audio-video recording. Subject to Rule 16-405 d and unless otherwise ordered by the court, any person may view an official audio-video recording at the times and places determined by the court having custody of the recording. Copies of audio recordings and, where practicable, the audio

>portion of audio-video recordings, may be purchased as provided in this Rule.
>
>c. Right to Obtain Copy of Audio Recording or Audio Portion of Audio-Video Recording.-Subject to Rule 16-405 d and unless otherwise ordered by the court, the authorized custodian of an official audio recording or the audio portion of an audio-video recording shall make a copy of the audio recording or, if practicable, the audio portion of the audio-video recording, or any portion thereof, available to any person upon written request and the payment of reasonable costs, unless payment is waived by the court.
>d. Right to copy of audio-video recording; restrictions.
>>1. Upon written request and the payment of reasonable costs, the authorized custodian of an official videotape recording shall make a copy of the recording, or any part requested, available to:
>>>(A) a party to the action or the party's attorney;
>>>
>>>(B) a stenographer, court reporter, or transcription service designated by the court for the purpose of preparing an official transcript from the recording; and
>>>
>>>(C) the Commission on Judicial Disabilities or its designee.

After examination of Defendant Judge Becker's letter (Exhibit B) it is clear that he has read the law, and that he simply is choosing not to obey the law and that he is conspiring with the custodian of Howard County Circuit court to deny the Plaintiff in this case "equal protection under the law" in an effort to prevent the Plaintiff from being able to defend himself in Howard County Circuit Court, and also so that is various acts which are un-becomming of a judge and are unlawful would not be exposed.

However, the LAW does not permit Howard County Circuit Court to hold Star Chamber Courts.  The LAW requires Howard County Circuity Court to give to a litigant a

copies of any and all recordings and or records for which they are a party to.

It is in the public interest that litigants be able to have unfettered access to information concerning a case that they are a party to in order for them to be able to represent themselves and to insure that courts do not act outside of the law.  To allow otherwise would be to allow courts to hold Secret/Star Chamber Courts which the outcome against a defendant is always the same which the Plaintiff in this case has experienced.

The Plaintiff is entitled to these records as a Matter of Law and there is absolutely no reason why this court at a future date could find otherwise.

### B.  Concerning Injunction For A Stay of State Court Proceedings

The Anti-Injunction Act, 28 U.S.C. Sec. 2283 states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In MITCHUM v. FOSTER, 407 U.S. 225 (1972)  the Supreme Court stated:

> Section 1983 was thus a product of a vast transformation from the concepts of federalism that had prevailed in the late 18th century when the anti-injunction statute was enacted. The very purpose of 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights - to protect the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." Ex parte Virginia, 100 U.S., at 346 . In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in 1983 actions, by expressly authorizing a "suit in equity" as one of the means of redress. And this Court long ago recognized that federal injunctive relief

> against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights. Ex parte Young, 209 U.S. 123 ; cf. Truax v. Raich, 239 U.S. 33 ; Dombrowski v. Pfister, 380 U.S. 479 . For these reasons we conclude that, under the [407 U.S. 225, 243] criteria established in our previous decisions construing the anti-injunction statute, 1983 is an Act of Congress that falls within the "expressly authorized" exception of that law.

The Plaintiff's complaint is filed under the provisions of U.S.C. Section 1981, 1983, 1985, and 1986 alleging 14th amendment violations. This court has clear authority to grant a stay in state court to prevent further violations of the Plaintiff's 14th Amendment Rights.

Defendant Judge Becker's recent letter to the Plaintiff is a clear indication that he plan on going on violating the Plaintiff's 14th Amendment Rights in that he has no intention to afford him equal protection under law.

With the filing of Defendant Sarah McNeil's motion for contempt, and the additional attorney bills and the past conduct of Defendant Judge Becker, it is reasonable to expect that Defendant Judge Becker will place the Plaintiff in jail indefinitely so that the Plaintiff will not be able to make further complaints, nor will he be able to prosecute his case before this court.

As it stand, Defendant Judge Becker has clearly demonstrated that he is willing to violate the Maryland State Constitution, the Maryland Public Information Act, Maryland Rules for Courts, along with any law which might afford the Plaintiff in this case a fair hearing within the court rooms of the Howard County Circuit Court.

9

2011-11-20 Verified Plaintiff's Memorandum of Fact and Law In Support Of Plaintiff's Motion For An Emegency Injuction.odt

And finally, Defendant Judge Becker has demonstrated that he is going to cover up his actions by further violating Maryland Law and takes actions not as a judge, but as the custodian of records to deny the Plaintiff rights to have copies of the audio of the proceedings which he is a party to.

## III Concluding

The court should grant the Plaintiff motion for emergency injunction to order Howard County and Howard County Circuit Court to provide the Plaintiff copies of the records he previously requested since he is entitled to them as Matter of Law. And courts should follow the law as a matter of course.

As to the injunction concerning a stay of proceedings concerning contempt for not paying the full amount of alimony. Maryland Law allows for alimony and child support to be garnished and Federal Law limits such garnishment to 65 percent of person's wages. The Plaintiff as stated works for Verizon and his salary has not decreased, and his wages are being garnished. Surely the Defendant's should be satisfied with their ability to garnish the Plaintiff's wages and not result to putting the Plaintiff in jail so that they can try to squeeze him for the 35 percent that he is allowed to keep from his pay check in accordance with Federal Law. Thus, putting the Plaintiff in Jail for not paying $4051 in child support per month can not be in the Best Interest of His Children nor Defendant Sarah P. McNeil, but the defendants are simply trying to prevent and pervert justice in these matters. Therefore an injunction granting a stay in state court proceedings is very appropriate.

As to the attorney fees, that Defendant Stephen Drazin and Defendant V. Peter Markuski are demanding in Howard County Circuit Court from the Defendant, these attorney's are their these Defendant's weapons of choice so that they can used those fees as an excuse to have Defendant Judge Becker to order the Plaintiff to jail for not being able to pay them.

**I declare under penalty of perjury under the laws of the United States that the foregoing information is true and correct.**

_____
Michael A. McNeil "Pro Se"
7807 Quill Point Drive
Bowie, MD 20720
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of November, 2011 I mailed a copy of the foregoing, first class, postage pre-paid to the following:

H. Scott Curtis
Assistant Attorney General
200 St. Paul Place
20th Floor
Baltimore, MD 21202
(Representing the State of Maryland; and all the county employees and county entities named in this complaint.)

STEPHEN A. DRAZIN
The Drazin Law Center, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Pro Se

Jeffrey W Bernstein
Wilson, Goozman, Bernstein, and Markuski Cherry Lane Professional Park
9101 Cherry La Ste 207
Laurel, MD 20708
(Representing V. P. Markuski)

VINCENT LOVE
MSA-The Adolescent Center
10015 Old Columbia Road
Suite L-260
Columbia, MD 21046

SARAH P. MCNEIL
4721 Middle Court
Ellicott City, MD 21043

M. SLUTSKY & ASSOCIATES, INC
6248 Audubon Drive
Columbia, MD 21044-3815

Louis P. Ruzzi
3450 Court House Drive
Ellicott City, MD 21043
(Representing Howard County Maryland)

_____
Michael A. McNeil "Pro Se"
7807 Quill Point Drive
Bowie, MD 20720