IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL A. MCNEIL** | * | |
| **Plaintiff** | * | |
| v. | * | |
| **STATE OF MARYLAND, et al** | * | Civil Action No:  8:11-cv-02495-DKC |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF'S RESPONSE TO OPPOSITION TO PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION

**COMES NOW**, the Plaintiff and opposes Defendants' (State of Maryland, Howard County Circuit Court, Judge Diane O. Leasure, Judge Louis A. Becker, III, Master Mary M. Kramer, Lisa S. Mohink, Patricia Bright, Christina J. Bieganski, and Susan R. Gnatt) opposition to Plaintiff's Motion For an Emergency Injunction (ECF No. 39).

## I.  INTRODUCTION

On November 21, the Plaintiff files his motion asking for immediate relief by way of a emergency injunction spurred on by actions of the Howard County Circuit Court where they demonstrated that it will not provide "equal protection under the law" by Defendant Judge Becker's letter to to the Plaintiff dated on November 14, 2011 (ECF No.

37 attachment #2) continued violations of law.

The Plaintiff also brought to this court's attention the recent action of Defendant Sarah P. McNeil and Defendant Stephen Drazin's recently filed contempt motion before the same judge who has just flagrantly violated the Plaintiff's "equal protection" rights and "due process" rights so as to imprison the Plaintiff.  And finally, the Plaintiff brought before this court the fact that three defendant's are still trying to obtain more monies from the Plaintiff using the aforementioned judge who will not afford to this Plaintiff his constitutional rights.

Then after the Plaintiff files his complaint, within in a few hours, the Assistant State's Attorney representing his "clients" opposes the Plaintiff's motion.

Needless to say, this is not your everyday complaint about a disgruntle litigant, and there are very disturbing issues going on within the Howard County Circuit Court where judges are fearful that litigants may actually obtain copies of audio recordings to expose bad conduct, violations of law by judges, and fraudulent transcripts being sent to appellant courts.

With this said, clearly this court can see the billows of smoke coming out of the little court house in Howard County Maryland?  And where there is smoke, there is fire. And these fires of injustice where U.S. Citizen are routinely denied their rights as American Citizen needs to be put out.

## II STANDARD OF REVIEW

The Plaintiff takes not issues and agrees with the Assistant State's Attorney in that a preliminary injunction is an extraordinary and drastic remedy, see Munaf v. Geren, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest.

## III ARGUMENT

The Plaintiff's motion for than meets the requirements of Nunaf v. Geren after analysis.

### A. Will the Plaintiff likely succeed on the merits?

The Plaintiff is assuming that this requirement does not require him to succeed on all the merits of this case. However, the Plaintiff's complaint alleged the issue of the fact that Howard County Circuit Court and Howard County are refusing to obey the Maryland Public Information Act and the Maryland Rules for Courts.

This court need not look any further that to the Plaintiff attachments in motion for injunctive relief (ECF No. 37 attachment #2 & attachment #3) to find a prime example where Defendant Judge Becker and Defendant Howard County Circuit are refusing to obey the law and denying the Plaintiff his "equal protection" rights and "due process" rights, and that they continue to do so.

And if this court is questioning whether or not the Plaintiff actually has a right to these records all it has to do is read over the portion of the <u>PUBLIC INFORMATION ACT MANUAL</u> published by OFFICE OF THE MARYLAND ATTORNEY GENERAL which has been filed with this case. (ECF No. 26 attachment #2).  It should be noted that the Assistant State's Attorney is silent as weather or not the Plaintiff has a right to the records at hand.

With this said, it is clear that the Plaintiff will prevail on the merits that is rights have been violated and evidence has been given to this court that they will continually be violated.

As to whether or not the Defendant's are immune from law suit and that the Plaintiff can not obtain relief in this court, the Plaintiff believes the  Assistant State's Attorney is in error and incorporates the reasons given in ECF No. 26.

**B. Will the Plaintiff be likely to suffer irreparable harm in the absence of preliminary relief?**

As the Plaintiff state in ECF No. 39, there is a hearing scheduled on December 12, 2011, Defendant Sarah P. McNeil is demanding the Plaintiff be put in jail.  And Defendant Judge Becker has a long history of denying the Plaintiff's "due process" and "equal protection" rights.  Additionally Defendants Stephen Drazin and V. Peter Markuski is demanding more funds from the Plaintiff in order to continue their attacks against their legal Plaintiff.

So the harm the Plaintiff is trying to avoid is loss of his liberty and what little

property he has left.

The Plaintiff needs his constitutional rights secured by this court, and he needs the audio recordings and the records that Judge Becker denies him copies of to be able to defend himself from his attackers.

**C.  Does the balance of equities tips in Plaintiff's favor?**

The Answer is yes.  The Plaintiff has a clear legal right to the records that he is asking this court to order Defendants Howard County Circuity Court and Howard County to turn over to him.

It is only fair that the Plaintiff have unfetter access to this information so that he can defend himself.

**D.  Will an injunction be in the public interest?**

Like the Freedom of Information Act and the Privacy Act, Maryland passed into Law the Maryland Public Information Act which actually requires Maryland government entities to be more transparent that the Federal Government.

The People of Maryland have already determined that governmental transparency is in the interest of the Public Interest.

It is not in the Public Interest for Howard County Circuit Courts to hold hearings that are held in SECRET so that judges like Judge Becker can willfully disregard Maryland Law knowing that he can prevent litigants from being able to compare actual

audio with court transcripts that do not reflect what was actually spoken.

It is not in the Public Interest that a Judge flagrantly violate a litigants "due process rights" or "equal protection rights".

It is in the Public Interest that sunshine be brought into the Howard County and that Howard County and those who serve Howard County are held to account for there illegal action.

### III  CLOSING

In the Assistant State's Attorney pleading who is representing his clients, it is clear that his silence on matters concerning whether or not the Plaintiff has a right to the records as a matter of law is deeply disturbing since he is to be a Minster of Justice in Maryland.

It is also surprising that he is representing county entities and persons in this matter.

Could it be that the State's Attorney Office is deeply concerned that if a Federal Court should order Howard County Circuit Court to follow the law and give litigants copies of audio recordings upon their request that other litigants may demand the same that he Plaintiff has done?

Could it also be that the State's Attorney Office is deeply concerned that if the Plaintiff should prove to a jury that transcripts typed by Howard County Circuit Court Reporters are falsified and that hundreds if not thousands of Howard County Court

litigants did not receive a fair appeal because of falsified transcripts that this will open up a can of worms that the State's Attorney really does not want to deal with.

In essence, the Plaintiff has demonstrated to this court that the little court house in Howard County is on fire with injustices where U.S. Citizen are being denied as a matter of course their equal protection rights in that the judge their will not release audio recordings to the litigants for comparison with transcripts or for any other reason. Should this fire be allowed to continue? The Plaintiff's thinks not.

The Plaintiff prays that his court grant him his relief so requested and any other relief that his court deems fit to further justice in these matters.

Respectfully submitted,

*[signature]*

Michael A. McNeil "Pro Se"
7807 Quill Point Drive
Bowie, MD 20720
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of November, 2011, I mailed a copy of the foregoing, first class, postage pre-paid to the following:

H. Scott Curtis
Assistant Attorney General
200 St. Paul Place
20th Floor
Baltimore, MD 21202
(Representing the State of Maryland; and all the county employees and county entities named in this complaint.)

STEPHEN A. DRAZIN
The Drazin Law Center, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Pro Se

Jeffrey W Bernstein
Wilson, Goozman, Bernstein, and
Markuski Cherry Lane Professional Park
9101 Cherry La Ste 207
Laurel, MD 20708
(Representing Dendnat V. Peter Markuski)

VINCENT LOVE
MSA-The Adolescent Center
10015 Old Columbia Road
Suite L-260
Columbia, MD 21046

SARAH P. MCNEIL
4721 Middle Court
Ellicott City, MD 21043

M. SLUTSKY & ASSOCIATES, INC
6248 Audubon Drive
Columbia, MD 21044-3815

Louis P. Ruzzi
3450 Court House Drive
Ellicott City, MD 21043
(Representing Howard County Maryland)

_[signature]_
Michael A. McNeil "Pro Se"
7807 Quill Point Drive
Bowie, MD 20720