```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
MICHAEL A. MCNEIL
                                    :
    v.                              :   Civil Action No. DKC 11-2495
                                    :
STATE OF MARYLAND, et al.
                                    :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael McNeil, proceeding *pro se*, commenced this action on September 7, 2011, alleging a conspiracy by and between his estranged wife and judicial officers, court personnel, attorneys, and social workers associated with an ongoing divorce proceeding in the Circuit Court for Howard County, Maryland. According to Plaintiff, this conspiracy has resulted in repeated violations of his rights under the United States Constitution.

On November 21, Plaintiff filed the pending "motion for an emergency injunction" in which he asks that Defendants Howard County, Maryland, and/or the Circuit Court for Howard County be ordered to release to Plaintiff any audio recordings of court proceedings and documents he requests, and that any circuit court proceedings "involving contempt for the non[-]payment[] of any monies" or those in which he might be "ordered to pay any

more monies" be "stayed until the conclusion of this case." (ECF No. 37).

Federal courts generally should not interfere with ongoing state proceedings like those in which Plaintiff is involved. *See Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This doctrine, called *Younger* abstention, recognizes that state courts are capable of deciding federal and constitutional issues without the meddling of federal courts. *See Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Although the doctrine began as a means to keep federal courts out of criminal proceedings, it has since been expanded to reach civil cases where, as here, the state government is a party or where an important state interest is involved. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-05 (1975)).

A federal court should abstain from interfering in state proceedings if there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (citing *Middlesex*

2

*Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

All three of those circumstances are present here. Plaintiff's ongoing divorce case was commenced long before the instant case; the State of Maryland has a vital interest in enforcing its own laws and the orders of its courts; and Plaintiff may appeal any adverse rulings to the Court of Special Appeals of Maryland.[1]  Thus, *Younger* abstention is warranted here.

Nevertheless, Plaintiff would not be entitled to relief even if the court considered his motion under the ordinary preliminary injunction standard.  "A preliminary injunction is an extraordinary remedy." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds by* 130 S.Ct. 2371 (2010), *and reissued in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).  To obtain a preliminary injunction, a plaintiff must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 364 (quoting *Winter v. Natural Res. Def. Council, Inc.*,

---

[1] Indeed, the record suggests that he has done so on multiple occasions already.  (ECF No. 18-1, at 6 n. 2).

555 U.S. 7 (2008)). Plaintiff must make a clear showing of each of the four elements to obtain relief. *Id*.

Plaintiff has not made a clear showing as to any of the four elements here, nor could he under the facts set forth in his amended complaint.

Accordingly, it is this 28th day of November, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for emergency injunction (ECF No. 37) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff and unrepresented Defendants Sarah P. McNeil, Vincent Love, and M. Slutsky & Associates, Inc., and to counsel for the remaining Defendants.

                                                 _____/s/_____
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge