IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. MCNEIL,<br>*Plaintiff,* | * | |
| | * | |
| v. | * | Civil Case No.: 8:11-cv-02495-DKC |
| STATE OF MARYLAND, *et al.*<br>*Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MSA DEFENDANT'S MOTION TO DISMISS**

Now comes M. Slutsky & Associates, Inc. and Vincent Love, Defendants, and hereinafter referred MSA Defendants, by their attorney, Timothy J. Mummert, and hereby moves this Honorable Court to dismiss the above captioned matter related to MSA Defendant for the reasons stated herein, specifically, that Plaintiff fails to state a claim upon which relief can be granted related to the MSA Defendants.

**FACTS**

The primary circumstance, which has caused the alleged violation of Plaintiff's US Constitution Rights is a lengthy custody Court battle in the Circuit Court for Howard County (Case No.: 13-C-08-075254). ECF No. 14, ¶ 6. Sarah McNeil is the ex-Wife and Mother of two children of Plaintiff. Mother alleged that Plaintiff sexually molested their daughter, Plaintiff physically abused their son, and Plaintiff forced unnatural sex acts upon her. ECF No. 14 ¶¶ 7-10. These issues were properly adjudicated in the Circuit Court for Howard County. ECF No. 14.

The 382 Paragraph Amended Complaint is sparse on factual allegations related to MSA Defendants. Plaintiff alleges that Defendant Vincent Love (hereinafter referred to as "Love") is

1

an employee of M. Slutsky & Associates, Inc. (hereinafter referred to as "The Adolescent Center"). ECF No. 14 ¶ 140. Love is the treating mental health counselor of Plaintiff's children. ECF No. 14 ¶¶ 134-148.

Pursuant to Paragraph 139 of the Amended Complaint, Plaintiff alleges that Love and V. Peter Markuski (hereinafter referred to as "Markuski") consulted and conspired with one another; however, there is no factual allegation of when the consultation and conspiracy occurred, how the conspiracy occurred, and how the conspiracy deprived Plaintiff of his Constitutional Rights. Then, on August 30, 2011, Markuski waived mental health privilege of the children and Love discussed treatment with the custody evaluator, co-Defendant Patricia Bright (hereinafter referred to as "Bright"). ECF No. 14, ¶ 138. On August 30, 2011, Bright filed her custody evaluation report. ECF No. 14, ¶ 142. Bright included in her report summary of a conversation regarding the treatment of son. ECF No. 14, ¶ 144.

Plaintiff further alleges that Sarah McNeil "hand picked [sic] mental health professionals that would agree to conspire with her in modifying and or manipulating the Plaintiff's children so that they would act out violently against the Plaintiff at times." ECF No. 14, ¶ 146. The Court should note that MSA Defendants do not know if ¶ 146 is referring to them, or to other mental health counselors as MSA Defendants were not members of any conspiracy. Plaintiff further alleges that "[t]hese hand picked [sic] mental health professional have gone so far to use powerful mind altering drugs off label in order to brain wash the Plaintiff's children." ECF No. 14, ¶ 147. Again, Plaintiff failed to state what mind altering drugs were not medically necessary, when those drugs were ordered, who ordered those drugs, and the date of the brain washing. Plaintiff further alleges that MSA Defendants "have managed to cause the Plaintiff son [sic] to rebel against all authority and the Plaintiffs daughter [sic] to want to commit suicide." ECF No.

14, ¶ 148.  Again, no additional factual allegations were included in the pleading to support these conclusory statements or any fact related to the nexus between the behavior of the children and MSA Defendants' conduct.

Plaintiff also alleged that MSA Defendants have failed to comply with a Circuit Court subpoena filed on them.  ECF No. 14, ¶ 134.  Plaintiff pled that Markuski and others "have sought to have the plaintiff's subpoenaed [sic] nullified by asking Defendant Judge Becker to put in place a protective order, in violation of Defendant Judge Becker's order where he gives the Plaintiff a right to such records."

MSA Defendants incorporate by reference as if stated herein all factual allegations from Circuit Court Defendants Memorandum (ECF No. 18-1 pp. 5-10).

## STANDARD OF REVIEW

Federal Rules of Civil Procedure permit a Defendant raising the defense by motion of failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 11(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1948.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.  Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949.

**ARGUMENT**

Simply put, Plaintiff fails to state any claim in his 382 paragraph Amended Complaint that entitles him to relief against the MSA Defendants, or any Defendant for that matter. However, although there are illusions and conclusory statements of a mass conspiracy, there are insufficient facts pled for the Court to reach a reasonable inference of Defendants liability related to this conspiracy. Thus, MSA Defendants are entitled to have all Counts of Plaintiff's Amended Complaint dismissed against them with prejudice.

**A.** *If the Court grants the Circuit Court Defendants and Markuski's Motions to Dismiss, then MSA should be dismissed as part of the conspiracy.*

MSA Defendants incorporate by reference Circuit Court Defendant's Motion to Dismiss and Memorandum in Support (ECF No. 18) and Markuski's Motion to Dismiss and Memorandum in Support (ECF No 19) as if it were fully stated herein. Thus, if the Court grants the Motions to Dismiss of Circuit Court Defendants and Markuski, there are insufficient factual allegations with any remaining party for MSA Defendants to be part of a conspiracy.

For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

**B.** *Plaintiff's Amended Complaint fails to plead sufficient facts of a meeting of minds between MSA Defendants and other alleged conspirators.*

Regardless of the findings related to the Circuit Court Defendants and Markuski, Plaintiff fails to allege sufficient facts to show MSA Defendants were party to the alleged conspiracy to deprive Plaintiff of his Constitutional rights. Specifically, Plaintiff must allege sufficient an agreement among the conspirator to deprive Plaintiff of his constitutional rights. *Sales v. Murray*, 862 F. Supp 1511, 1517 (1994). Specifically, Plaintiff must alleged sufficient facts "showing that the defendants shared a 'unity of purpose or common design' to injure Plaintiff." *Id. (citing*

*American Tobacco Co. v. United States*, 66 S. Ct. 1125 (1946)).  Simply put, the elements of a conspiracy under § 1983 are "(1) an express or implied agreement among defendants to deprive plaintiff of secured constitutional rights and (2) an actual deprivation of those rights in the form of overt acts in furtherance of the agreement."  *Guy v. State of Ill.,* 958 F. Supp 1300, 1308 (N.D.Ill. 1997) (citing *Fantasia v. Kinsella,* 956 F. Supp. 1409, 1415 (N.D.Ill. 1997)).  The Court may properly dismiss the Complaint where Plaintiff only pleads conclusory allegations of a conspiracy under § 1983.  *Sales* at 1517.

In this matter, with regards to MSA Defendants, Plaintiff alleges that Sarah McNeil only "handpicked" mental health professionals that agreed with her conspiracy.  ECF No. 14, ¶ 146. However, Plaintiff never specifically stated that Love entered into the conspiracy agreement with any of the parties.  Further, Plaintiff never specifically alleged that the Adolescent Center entered into the conspiracy agreement or that Love had the authority on behalf of the Adolescent Center to enter into a conspiracy agreement.  Specifically, Plaintiff needed to allege something more than conclusory statement, such as a specific allegation of when this offer of conspiracy was presented to Love or the Adolescent Center, how it was presented, and a meeting of the minds by Love and the Adolescent Center to enter into this Agreement with Sarah McNeil and other state actors.

For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

**C.    *Plaintiff fails to allege that the Circuit Court deprived him of any constitutional rights as a result of Defendant MSA's alleged conduct.***

Plaintiff has failed to allege sufficient facts to create a nexus between Defendant MSA's alleged conduct and deprivation of constitutional liberties.  Specifically, Plaintiff has the burden of alleging sufficient facts that "(2) an actual deprivation of those rights in the form of overt acts

in furtherance of the agreement." *Guy v. State of Ill.,* 958 F. Supp 1300, 1308 (N.D.Ill. 1997). Specifically, what is clear from the Amended Complaint is that the Circuit Court for Howard County held a very contested divorce hearing including the issues of custody and visitation. Plaintiff is dissatisfied with the outcome and is arguing that he has been deprived of Constitutional liberties. ECF No. 14 ¶ 159.

What is also clear from the Amended Complaint is that Circuit Court for Howard County followed due process and entered findings consistent with Maryland law related to custody, Constitutional right to be a parent, and constitutional right to equal protection under the law. Specifically, the allegations of child abuse and abuse to a parent raise concerns of fitness and extraordinary circumstances of a parent having access with their child. *See Taylor v. Taylor,* 306 Md. 290 (1986); *Montgomery County v. Sanders,* 38 Md. App. 406 (1977)*; Boswell v. Boswell,* 352 Md. 204, (1998); *North v. North,* 102 Md. App. 1, (1994)*.* While Plaintiff may not be satisfied with the Court's findings and decision, the Circuit Court has a duty and obligation to protect the children. The children's interest and protection are paramount concern to the Circuit Court; not how much access the parent has children.

Further, Plaintiff fails to create a link between deprivation of constitutional liberties and mental health privilege of the minor children. As such, Plaintiff fails to understand that he is not automatically allowed access to any mental health records of the children simply by him being a parent. The children have a privilege and only a privilege waiving attorney can waive that privilege. *Nagle v. Hooks,* 296 Md. 123 (1983).

Finally, Plaintiff has not exhausted all his State remedies. Thus, no Court has entered a finding that the Circuit Court abused its discretion, committed legal error, or violated Plaintiff's

due process rights.  The United States District Court is not an appellate Court for the State of Maryland.

For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to plead a claim upon which relief may be granted.  Many of Plaintiff grievances can be addressed through the pending appeal.  Further, while Plaintiff has used illusionary and conclusory statements to create a claim, which is not sufficient for surviving a Motion to Dismiss.

For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

/s/_____
Timothy J. Mummert #27554
808 Landmark Drive, Suite 223A
Glen Burnie, MD 21061
(410) 766-1100 telephone
(410) 766-8880 facsimile
Timothy@mummertlaw.com

*Attorney for MSA Defendants*