IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. McNEIL,                    :

    Plaintiff,                         :

v.                                    :       Civil Action No. 11-CV-02495-DKC

STATE OF MARYLAND, *et al.*,          :

    Defendants.                        :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
HOWARD COUNTY'S MOTION TO DISMISS THE COMPLAINT**

Defendant Howard County, Maryland ("the County"), by its attorneys, Margaret Ann Nolan, County Solicitor, and Louis P. Ruzzi, Senior Assistant County Solicitor, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Memorandum of Law in Support of Defendant Howard County's Motion to Dismiss the Amended Complaint for the reasons set forth below.

Plaintiff's Amended Complaint contains hundreds of allegations and multiple counts, but only a single count references the County:

*COUNT TWENTY-ONE*

*FAILURE TO SUPERVISED [sic]*

*VIOLATION OF PLAINTIFF'S STATE STATUTORY RIGHTS*
*VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS*

    *309. The Plaintiff incorporates paragraphs 1 through 308 as if fully set forth herein.*

> *310. Both Defendants Howard County, Maryland and Howard County Circuit Court failure to supervise their employees allowed these employees to conspire against the Plaintiff in order to violate his civil rights. Both of these employers knew or should have known that their failure to supervise would lead to such mischief amongst their employees.*
>
> *311. Defendants Howard County, Maryland and Howard County Circuit Court failure to supervise employee's [sic] demonstrates that in Howard County, the policy is that citizen have no rights under law and that the court reporters, social workers, custodians of records, family law coordinators, supervised visitation center managers and judges are at liberty to set whatever policy they desire even thought [sic] it conflicts with state laws or a citizens constitutional rights.*

This allegation fails to state a claim against the County based on its cursory nature when measured against the applicable pleading standard and substantive requirements for alleging a claim for "custom, practice, or policy" under *Monell*.

### STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994),

and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commrs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## *LEGAL ARGUMENT*

In Count 21, Plaintiff attempts to allege that his Fifth Amendment rights, as incorporated to the states through the Fourteenth Amendment, were violated. Plaintiff does not offer any support for a claim under the Fifth Amendment. Even if he had, the Fifth Amendment applies only to the federal government. *See Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.,* 142 F.Supp.2d 679, 691 (D.Md. 2001) ( noting that plaintiff's Fifth Amendment claim must be dismissed because Fifth Amendment applies only to federal actors).

Plaintiff's constitutional claim against the County also is insufficient as a matter of law under the well-established principles of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under *Monell,* "[l]iability arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News,* 743 F.2d 227, 229 (4th Cir. 1984) (citing

*Monell,* 436 U.S. at 694). A municipality is liable when a "policy or custom" is "fairly attributable to the municipality as its 'own,' and is ... the 'moving force' behind the particular constitutional violation." *Spell v. McDaniel,* 824 F.2d 1380, 1387 (4th Cir. 1987) (internal citations omitted).

Plaintiff alleges that in Howard County "the policy is that citizens have no rights under law and that the court reporters, social workers …. and judges are at liberty to set whatever policy they desire …." This generalized allegation plainly fails to meet the minimum pleading standards of *Twombly*, in that it is nothing more than a legal conclusion that is unsupported by any factual showing that raises a right to relief above the speculative level. Further, the claim falls well short of meeting the substantive requirements of case law under *Monell*. "A county may be found liable under 42 U.S.C. § 1983 only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Wolf v. Fauquier Cnty. Bd. of Supervisors,* 555 F.3d 311, 321 (4th Cir. 2009). A policy means more than formal legislative enactments; "it may also be found in formal or informal ad hoc 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy." *Kirby v. City of Elizabeth City, N.C.,* 388 F.3d 440, 451 (4th Cir. 2004).

To establish municipal policy through this method of proof, a plaintiff must provide evidence of a "widespread and permanent practice," *Carter v. Morris,* 164 F.3d 215, 220 (4th Cir. 1999), or produce recorded reports to or discussions by a municipal government body, *Spell v. McDaniel,* 824 F.2d 1380, 1387 (4th Cir. 1987). "It is well settled that isolated incidents of

unconstitutional conduct by subordinate employees are not sufficient." *Lytle v. Doyle,* 326 F.3d 463, 473 (4th Cir. 2003). A municipal policy or custom giving rise to § 1983 liability, however, "will not be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Id.* Applying these principles to the Amended Complaint's single generalized allegation against Howard County, it is obvious that neither Count 21 nor the Amended Complaint as a whole sets forth a claim upon which relief can be granted, and therefore, the County is entitled to dismissal.

For all of the reasons set forth above, Howard County, Maryland respectfully requests that the Court dismiss the Amended Complaint against the County.

> HOWARD COUNTY OFFICE OF LAW
>
> Margaret Ann Nolan
> County Solicitor
>
> /s/
> _____
> Louis P. Ruzzi                      Bar No. 04226
> Senior Assistant County Solicitor
> Carroll Building
> 3450 Court House Drive
> Ellicott City, Maryland  21043
> 410.313.2104
> 410.313.3292 (facsimile)