IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

* * * * * * * * * * * * * * * * * * * * * * * * * *

MICHAEL A. McNEIL,　　　　　　　　*

　　Plaintiff　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　　*

STATE OF MARYLAND, et al.,　　　*

　　Defendants.　　　　　　　　　　*　　Civil Case 8:11-cv-02495-DKC

　　　　　　　　　　　　　　　　　　*

* * * * * * * * * * * * * * * * * * * * * * * * * *

<u>SARAH MCNEIL'S MEMORANDUM IN SUPPORT OF HER RESPONSE IN OPPOSITION TO THE MOTION FOR ENTRY OF DEFAULT AND OPPOSITION TO THE MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>

　　The individual *pro se* Defendant, Sarah McNeil files this Memorandum in Support of her Response in Opposition to the Motion for Entry of Default and in Opposition to the Motion for Entry of Default Judgment and pursuant to Federal Rule 55 states that she has good cause, a meritorious defense and has not prejudiced the Defendant by her delay in responding to the Amended Complaint.

## FACTS

Defendant Sarah McNeil was served on or about November 8, 2011 with a copy of the Amended Complaint in the above-captioned matter. The federal case is one of three cases that are currently ongoing with the Plaintiff, Mac McNeil. These current cases include a (1) domestic case in the Circuit Court for Howard County, Case No.: 13-C-08-075254 ( 2) civil case in the Circuit Court for Anne Arundel County, Case No. .: 02-C-10157476  (3) and this federal case. Plaintiff through the past three years has a history of both filing and maintaining cases without merit which are intended to be vexatious and burdensome both to this Defendant's financials resources, time and energy. Furthermore, this Defendant is a full-time student in an intensive program to receive a degree in Diagnostic Medical Sonography in 2013. In addition to all of this, she has sole custody and care of the parties' two minor children. Because of the amount of litigation which the Plaintiff has brought against the Defendant, Ssrah McNeil she is unable to afford legal counsel and must therefore represent herself in this matter and the one pending before the Circuit Court for Anne Arundel County.

## ARGUMENT

The clear policy of the federal rules is to encourage disposition of claims on their merits. *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir.1974); *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969). Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may "set aside an entry of default for good cause[.]" Fed.R .Civ.P. 55(c). Because the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equipment Co.,* 11 F.3d 450, 453 (4th Cir.1993), such a motion must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton Preparatory*

*Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir.2010) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969)).

Although the Fourth Circuit has not specifically defined "good cause" in the context of Rule 55(c), it has found that " 'an extensive line of decisions' has held that [Rule 55(c) ] must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " <u>Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987)</u> (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969)).  In addition, other courts of appeal and the district courts in the Fourth Circuit have made it clear that "a somewhat more lenient standard is applied to Rule 55(c) motions ... than to Rule 60(b) motions ...." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir.1986). *See also Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992) (stating that a Rule 55(c) motion is "more readily granted than a motion to set aside a default judgment.

Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether setting it aside would prejudice the adversary and whether a meritorious defense is presented. *Central Operating Co. v. Utility Workers of America, AFLCIO*, 491 F.2d 245, 252 (4th Cir.1974). In addition, the district court can consider whether or not the moving party acts with reasonable promptness, *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967)., and whether or not the party has been disadvantaged by the errors or neglect of his attorney, *see United States v. Moradi*, 673 F.2d 725, 728 (4th Cir.1982).

I.    <u>Defendant Sarah McNeil made reasonable efforts to act with promptness.</u>

Since receiving the suit papers pertaining to the instant action, this Defendant has been inundated with pleadings, orders and hearing in the other two cases. In fact, since November 8, 2011, she has received no less than 20 pleadings, including motions, notice of appeal, petitions, and orders in the case pending before the Circuit for Howard County. She has attended a lengthy hearing on December 12, 2011 in which the court began hearing argument on multiple outstanding motions the majority of which were drafted and filed by the Plaintiff herein. Moreover, she has received no less than 9 pleadings in the case pending in the Circuit Court for Anne Arundel County and has attended a Pre-trial settlement conference on November 30, 2011. In addition to the court appearances, Defendant is a full-time student in the Diagnostic Medical Sonography program at Montgomery College. She has classes to prepare for, clinical, quizzes, papers, and finished her finals for the Fall Semester 2011 last week. Defendant has also been awarded the care and custody of the two minor children, one of whom has special needs. See Defendant's Affidavit attached hereto and marked as Exhibit A. Defendant has therefore acted with such promptness as permitted by the many demands upon her time.

II.  Defendant has a meritorious defense in this matter.

Contemporaneous with the filing of the Motion and Memorandum, the Defendant has also filed a Motion to Dismiss and Supporting Memorandum, the arguments of which she adopts as though fully set forth herein. The allegations contained in the Complaint are no more than figments of the Plaintiff's imagination. Defendant has never had any ex-parte communication with the judge. Defendant has had appropriate and lawful relationships with the various defendants, herein. There are no specific facts contained within the Amended Complaint which in any manner demonstrate otherwise.

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988). All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party. Thus, the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor.

Plaintiff's Amended Complaint is devoid of a single fact which would in any manner support the allegations contained therein.

III.   <u>Plaintiff has in no way been prejudiced by the delay</u>.

Plaintiff has not been prejudiced by the delay of 20 days as discovery has not begun in this matter since the viability of the Complaint at this juncture is, at best precarious.

Respectfully submitted,

*Sarah P. McNeil*
Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 21043
*410-884-6714*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2011, a copy of the foregoing Memoradum in Support of Opposition to the Motion for Entry of Default and

Opposition to the Motion for Entry of Default Judgment was served by first class mail, via U.S. Mail, postage prepaid to:

Michael A. McNeil
7807 Quill Point Drive
Bowie, Maryland 20720

H. Scott Curtis
Assistant Attorney General
200 St. Paul Place
20th Floor
Baltimore, Maryland 21202

V. Peter Markuski, Jr.
9101 Cherry Lane
Laurel, MD 20708-1147

Vincent Love
10005 Old Columbia Road
Suite L-260
Columbia, MD 21046

Stephen A. Drazin
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

                                             Sarah P. McNeil
                                             4721 Middle Court
                                             Ellicott City, MD 21043

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MICHAEL A. McNEIL, | \* |
| Plaintiff | \* |
|  | \* |
| v. | \* |
|  | \* |
| STATE OF MARYLAND, et al., | \* |
| Defendants. | \*   Civil Case 8:11-cv-02495-DKC |
|  | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

I, Sarah McNeil, am over the age of eighteen years and am competent to testify to the matters herein.

1. At no time have I engaged in any conspiracy with any of the Defendants as set forth in the Complaint.
2. I have read the statement contained in the aforegoing Motion and Memorandum and they are true and correct according to my knowledge, information and belief.
3. Since receiving the suit papers pertaining to the instant action, on or about November 8, 2011, I have been inundated with pleadings, orders and hearing in the other two cases.

4. Since November 8, 2011, I have received no less than 20 pleadings, including motions, notice of appeal, petitions, and orders in the case pending before the Circuit for Howard County.
5. I have attended a lengthy hearing on December 12, 2011 in which the court began hearing argument on multiple outstanding motions the majority of which were drafted and filed by the Plaintiff herein.
6. I have received no less than 9 pleadings in the case pending in the Circuit Court for Anne Arundel County and have attended a Pre-trial settlement conference on November 30, 2011.
7. In addition to the court appearances, I am a full-time student in the Diagnostic Medical Sonography program at Montgomery College
8. I was enrolled and took five classes to prepare for, clinical, quizzes papers and finished her finals for the Fall Semester 2011 last week.
9. I have also been awarded the care and custody of the two minor children, one of whom has special needs and this requires my time and devotion.

I SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the testimony and statements herein is true and accurate and is based upon my personal knowledge, and that the contents of the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

_12/19/2011_ (Date)     _Sarah McNeil_ (Affiant)

Sarah McNeil, Defendant