UNREPORTED

<u>IN THE COURT OF SPECIAL APPEALS</u>

<u>OF MARYLAND</u>

No. 0413

September Term, 2010

MICHAEL A. McNEIL

v.

SARAH P. McNEIL

Wright,
Davis, Arrie W.
  (Retired, Specially Assigned),
Kenney, James A., III
  (Retired, Specially Assigned),

JJ.

Opinion by Wright, J.

Filed: November 21, 2011

On April 7, 2010, appellant, Michael A. McNeil, filed a motion to strike the best interest attorney ("BIA") in the Circuit Court for Howard County alleging that appellee, Sarah P. McNeil, had "poisoned" the BIA, that the BIA had not been exercising ordinary care and diligence in the representation of the parties' minor children, and that the BIA was in reality representing only the interests of the appellee. On April 30, 2010, the court denied appellant's motion, and appellant timely appealed to this Court. At the time the motion was denied, the parties were in the midst of a lengthy divorce proceeding, which was not decided until December 27, 2010.

In his brief, appellant presents three questions, which we decline to address. Instead, we grant appellee's motion to dismiss the appeal, as there is no final judgment from which appellant may appeal.

## DISCUSSION

Maryland Rule 2-602 states that "an order . . . that adjudicates the rights and liabilities of fewer than all the parties to the action . . . is not a final judgment." "Ordinarily, appellate review is available only after the entry of a final judgment where all claims against all parties are resolved." *County Comm'rs for St. Mary's County, Md. v. Lacer*, 393 Md. 415, 424 (2006) (citations omitted). "The fundamental objective of this principle is 'to prevent piecemeal appeals and to prevent the interruptions of ongoing judicial proceedings.'" *Id.* (quoting *Sigma Reprod. Health Ctr. v. State*, 297 Md. 660, 665 (1983)); *accord Kennedy v. Lasting Paints, Inc.*, 404 Md. 427, 437 (2008); *Picking v.*

*State Fin. Corp.*, 257 Md. 554, 556-57 (1970); *Russell v. American Sec. Bank, N.A.*, 65 Md. App. 199, 202 (1985).

"[U]nder Maryland Code (1974, 1989 Repl.Vol.), §§ 12-301 and 12-303 of the Courts and Judicial Proceedings Article [("CJP")], appeals may be taken only from final judgments (§ 12-301) and from a few interlocutory orders listed in § 12-303." *Old Cedar Development Corp. v. Jack Parker Construction Corp.*, 320 Md. 626, 628 (1990). "Ordinarily a judgment is final, for purposes of an appeal under § 12-301, only if it terminates the action in [the trial] court." *Id.* (citations omitted). Here, the circuit court's denial of appellant's motion to strike the BIA did not terminate the parties' divorce action and as such was not a final order. Therefore, appeal of this case would not be permitted under CJP §§ 12-301 and 12-303.

In Maryland, there are very limited exceptions to the final judgment rule. *See Addison v. State*, 173 Md. App. 138, 153 (2007). They include:

1) appeals from interlocutory orders specifically allowed by Maryland Code (1974, 2006 Repl. Vol.), § 12-303 of the Courts & Judicial Proceedings Article;

2) immediate appeals permitted under Maryland Rule 2-602(b); and

3) appeals from interlocutory rulings allowed under the common law collateral order doctrine.

*See Lacer, supra*, 393 Md. at 424-25 (citing *Smith v. Lead Indus. Ass'n, Inc.*, 386 Md. 12, 21 (2005)); *Salvagno v. Frew*, 388 Md. 605, 615 (2005). None of the recognized exceptions apply to this case.

For all of the foregoing reasons, we hereby dismiss this appeal.

**APPEAL DISMISSED.**
**COSTS TO BE PAID BY APPELLANT.**