IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. MCNEIL, | * | |
| *Plaintiff,* | | |
| | * | |
| v. | * | Civil Case No.: 8:11-cv-02495-DKC |
| STATE OF MARYLAND, *et al.* | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MSA DEFENDANT'S REPLY TO THE OPPOSITION OF MSA'S MOTION TO DISMISS

Now comes M. Slutsky & Associates, Inc. and Vincent Love, Defendants, and hereinafter referred MSA Defendants, by their attorney, Timothy J. Mummert, and hereby moves this Honorable Court to dismiss the above captioned matter related to MSA Defendant for the reasons stated herein, specifically, that Plaintiff fails to state a claim upon which relief can be granted and his claims are barred by the doctrine of *res judicata* and collateral estoppel related to the MSA Defendants.

## ARGUMENTS

*A.     Plaintiff's Amended Complaint is barred by the doctrine of res judicata and collateral estoppe.*

As the Court is well aware, Plaintiff filed a Complaint under § 1983 alleging that the Defendants for were in a conspiracy to violate his Constitutional Rights, primarily, his right to be a father.  For the additional reasons in this reply, Plaintiff fails to address in his opposition how he states a claim upon which relief can be granted when the Court of Special Appeals has considered these alleged violations and denied his appeal.  Thus, since the Court of Special Appeals has already considered these issues and declined to reverse the Circuit Court for Howard County, Plaintiff's action is either barred by the doctrines of *res judicata* and collateral estoppel.

On April 7, 2010, Plaintiff took an interlocutory appeal when the Circuit Court declined to strike the Best Interest Attorney (hereinafter referred to as "BIA").  On November 22, 2011, the Court of Special Appeals

dismissed the appeal as an interlocutory appeal. *A copy of the Court of Special Appeals unreported opinion is attached hereto and incorporated by reference as Exhibit 1.*

On January 26, 2011, Plaintiff took an appeal from the decision of the Circuit Court for Howard County to the Court of Special Appeals. *A copy of the Court of Special Appeals unreported opinion is attached hereto and incorporated by reference as Exhibit 2.* Plaintiff raised 23 issues in his appeal. Those 23 issues are:

    i. Did the trial court violate this states [sic] constitution when it denied the Appellant's motion to strike the Appellee's Petition For Contempt for him not paying Appellee's Attorney [sic] fees, and then subsequently finding the Appellant in contempt and ordering him to be committed to the Howard County Detention Facility indefinitely until he paid this debt?

    ii. Did the trial court violate the Appellant's Due Process Rights and State [statutory] Rights when it refused to give the Appellant copies of the hearing audio recordings?

    iii. Did the trial court violate the Appellant [sic] due process rights when it decided property division matters prior to it deciding on what the grounds for the divorce were going to be or even prior to the Appellant be [sic] given [an] opportunity to make a defense?

    iv. Did the trial court error [sic] and/or violate the Appellant's due process rights when it decided to Sanction the Appellant for not providing information in absence of a valid order to compel discovery?

    v. Was the trial court's ruling that the Appellant dissipating [sic] marital assets completely erroneous?

    vi. Did the trial court abuse its discretion when it decide [sic] not to award the Appellant full title of the Honda Civic?

    vii. Did the trial court make an erroneous ruling stating that the Appellant [sic] testimony is that [h]is financial requirement is only $1800 per month?

    viii. Did the trial court abuse it's [sic] discretionary authority concerning property division?

    ix. Did the trial court abuse it's [sic] discretionary authority and violate Maryland Statutes when it order [sic] the Appellant to pay $4055 per month in child support payments?

    x. Did the trial court abuse its discretionary authority when it awarded the Appellee Alimony at all?

    xi. Did the trial court error [sic] when it continually heard hearsay evidence?

    xii. Did the circuit court violate the Appellant's First Amendment Rights when it inquired into what the Appellant said before an ecclesiastical trial?

    xiii. Did the Circuit Court [violate appellant's due process rights and] error [sic] when it accepted ex parte  communications from the Best Interest Attorney and the Appellee's attorney demonstrating an extreme bias against [t]he Appellant?

    xiv. Did the trial court deny the Appellant due process by the trial judge invoking the Appellee's Fifth Amendment Rights?

    xv. Did the trial court error [sic] when it granted the Appellee [sic] grounds for divorce?

    xvi. Did the trial court error [sic] when it denied the Appellant his grounds for divorce?

    xvii. Did the trial court abuse its discretionary authority i[n] its award of attorney's fee [sic] to the Appellee's attorney?

    xviii. Did the trial court abuse it's [sic] discretionary authority when [it] refused to strike the appearance of the Best Interest Attorney and did it further abuse its discretionary authority when it awarded attorney's fees to the Best Interest Attorney?

    xix. Did the trial court abuse its discretion when it refused to strike the custody evaluators [sic] report and her opinions from the record?

    xx. Did the trial court error [sic] when it refused to compel the Appellee to under[go] psychological testing per a previous court order and thus violate the Appellant's due procedure [sic] rights, and did the trial court make an erroneous finding the Appellee to be mentally fit to parent Adam and Tevia? .

    xxi. Did the Circuit Court abused it's [sic] discretionary authority when it refused to hold the Appellee [in contempt] for which the Appellant filed nine Separate Contempt Motions for separate acts of contempt?

    xxii. Did the Circuit Court abuse it's [sic] discretionary authority when it refused to modify custody when it has been clear that Appellee has not and will not follow court orders concerning visitation o[r] information sharing?

    xxiii. Did the trial court abuse its discretionary authority when it order[ ed] the Appellant to only have Supervised Visitation?

On November 22, 2011, the Clerk of the Court of Special Appeals entered an opinion denying Plaintiff's appeal.

    The Court should note that Plaintiff presented legal argument for only issues 1, 6, 18, and 22. Similar to Plaintiff Opposition to the Motions to Dismiss filed in this matter, Plaintiff only presented to the Court of Special Appeals factual arguments and United States Constitution, Maryland Constitution, and Maryland statutes. Plaintiff failed to draw a nexus between the law and the facts, and how the Circuit Court erred, as well as failing to raise 19 issues. Pursuant to Maryland Rule 8-504(a)(5), the Court of Special Appeals declined to address those 19 issues.

    In light that Plaintiff's Counts correspond to issues he raised on Appeal, he is barred by the doctrines of *res judicata* and collateral estoppel.  The doctrine of *res judicata* bars Plaintiff from relitigating the same issues when "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of collateral estoppel bars Plaintiff to present a new claim on the same issue "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id*.

Undersigned Counsel has created a Chart where undersigned attempted to decode the Counts of Plaintiff's Amended Complaint and issues that were raised on the final judgment appeal (or should have been raised on the final judgment appeal):

| Amended Complaint | Court of Special Appeals Issues Presented | Ruling |
| --- | --- | --- |
| Count 1 | Issue 2 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 2 | Issue 1 | Considered and Denied |
| Count 3 | Issue 9 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 4 | Issues 13, 18, 19 | Issue 18 considered by Court of Special Appeals and denied. Issues 13 and 19 were not presented correctly to Court of Special Appeals - denied |
| Count 5 | Issue 12 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 6 | Issues 13, 18, 19 | Issue 18 considered by Court of Special Appeals and denied. Plaintiff failed to present Issues 13 and 19 to the Court of Special Appeals correctly - denied |
| Count 7 | Issues 13, 18, 19 | Issue 18 considered by Court of Special Appeals and denied. Plaintiff failed to present Issues 13 and 19 to the Court of Special Appeals correctly - denied |
| Count 8 | Failed to Raise on Appeal | Not considered because not raised |
| Count 9 | Failed to Raise on Appeal | Not considered because not raised |
| Count 10 | Failed to Raise on Appeal | Not considered because not raised |
| Count 11 | Failed to Raise on Appeal | Not considered because not raised |
| Count 12 | Issue 21 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 13 | Issue 20 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 14 | Failed to Raise on Appeal | Not considered because not raised |
| Count 15 | Issue 4 | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied |
| Count 16 | Failed to Raise on Appeal | Not considered because not raised |
| Count 17 | Issue 14 or Failed to Raise on Appeal | Plaintiff failed to present issue to the Court of Special Appeals correctly - denied or not considered because not raised |
| Count 18 | Failed to Raise on Appeal | Not considered because not raised |
| Count 19 | Issue 22 | Court of Special Appeals Considered and Denied |
| Count 20 | Issue 22 | Court of Special Appeals Considered and Denied |
| Count 21 | Issue 23 | Not presented correctly - denied |

Many of these Counts, Plaintiff clearly had the ability to properly appeal and raise, but he chose to represent himself and did not raise these issues. As such, he is now barred from relitigating these issues under the doctrine of collateral estoppel. *Id.* On the issues he did properly raise and argued, the Court of Special Appeals found that the

Circuit Court did not commit error and entered findings of law against Plaintiff's assertion of what Maryland and Federal law is.

**CONCLUSION**

Plaintiff's argument that there was a mass conspiracy that violated Maryland and Federal law to deny him his Constitutional Right *inter alia* to be a parent is fruitless as an appellate Court of the State of Maryland has already determined that the Circuit Court properly exercised its discretion in denying access to a person that is not proper person to have liberal and free access with his children. Further, any financial obligations were justly entered as the Court of Special Appeals affirmed those decisions. Finally, the United States District Court is not an appellate court to the Maryland Circuit Court. Plaintiff had and did take an appeal to the Court of Special Appeals, which denied Plaintiff's appeal on these same issues.[1] For the reasons of this Memorandum and the previous Memorandum attached to the Motion to Dismiss, Plaintiff's Amended Complaint against the MSA Defendants should be dismissed with prejudice.

/s/_____
Timothy J. Mummert #27554
808 Landmark Drive, Suite 223A
Glen Burnie, MD 21061
(410) 766-1100 telephone
(410) 766-8880 facsimile
Timothy@mummertlaw.com

*Attorney for MSA Defendants*

---

[1] Plaintiff could have also elected to take an *In Banc* appeal to the Circuit Court instead of an appeal to the Court of Special Appeals. *See Article IV, Section 22 of the Maryland Constitution.*